

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-53,367-03

### EX PARTE WALTON JOHN ALEXANDER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR10295C IN THE 266TH DISTRICT COURT
### FROM ERATH COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by contact and sentenced to seventy-five years' imprisonment. The conviction was affirmed on direct appeal. *Alexander v. State*, No. 11-97-00255-CR (Tex. App.—Eastland Nov. 19, 1998) (not designated for publication). Applicant's initial habeas application (-01) was denied by this Court in 2002. A second habeas application (-02) was dismissed by this Court for non-compliance and was not considered on its merits.

In this third habeas application, Applicant contends, *inter alia*, that he is actually innocent. He claims that the victim recanted to her sister, and he provides an unsworn statement purportedly

made by the sister in 2009 that indicates the victim recanted to her many years earlier. According to the sister's statement, the victim admitted to the sister that she fabricated the allegation of sexual contact against Applicant, who is the victim's father, because Applicant and the family paid more attention to the sister than to her, and the victim wanted to have Applicant removed.

According to the appellate opinion, the victim testified at trial that she was sitting on Applicant's lap and that he said he was "getting horny." The victim testified that Applicant tried to kiss her and that he then slid his hand under her shorts and touched her genitals. The victim eventually told her stepmother and sister. The stepmother testified that she confronted Applicant and that he claimed he could not remember anything. Applicant later admitted to her that he touched the victim's leg and told the victim that she was making him "horny." During his case-in-chief, Applicant presented evidence attacking the credibility of the victim. He offered testimony that the victim had made previous allegations of sexual abuse against other men that were proven to be false. Applicant also offered testimony of the victim's promiscuity. The State called, in rebuttal, a professional counselor for victims of sexual abuse and sex offenders. He testified that the victim's behavior was consistent with a victim of sexual abuse. The jury convicted.

Considering the recantation allegedly made by the victim to her sister along with the evidence presented at Applicant's trial, Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Elizondo*, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall make findings of fact regarding whether the sister's written statement is authentic and credible, whether it is newly discovered evidence, and whether "th[is]newly

discovered evidence, if true, creates a doubt as to the efficacy of the verdict sufficient to undermine confidence in the verdict and that it is probable that the verdict would be different" if the jury had heard the recantation. *See Ex parte Elizondo*, 947 S.W.2d at 206. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief, including findings regarding the State's affirmative defense of laches. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: January 14, 2015
Do not publish